UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

FILED
2016 APR 11 P 3:30
U.S. DISTRICT CO...
...STERN DIST. T...

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:15-CR-154 |
| v. | ) | |
| | ) | |
| GEORGE MARCUS HALL | ) | |

### OBJECTION TO FORFEITURE PROCEEDING
### WITHOUT NOTICE TO POTENTIAL CLAIMANT
### KNOX COUNTY, TENNESSEE

COMES Knox County, Tennessee ("Knox County"), by and through the undersigned counsel, and objects to the criminal forfeiture of real property being conducted in the above captioned criminal case. As grounds for this objection, Knox County would show this Honorable Court as follows:

1. Knox County, Tennessee, is a political subdivision of the State of Tennessee.

2. Knox County has and claims a valid perfected tax lien securing the payment of property taxes assessed against each parcel of real property located in Knox County, Tennessee, including the property identified in paragraph (c) of the Notice of Forfeiture. [Doc. 17].

3. The Knox County Mayor is the chief executive of Knox County.

4. The Knox County Mayor's office is located at 400 Main Street, Suite 615, Knoxville, Tennessee 37902.

5. The Knox County Mayor is the proper representative of Knox County for service of a notice of forfeiture under Rule G of the Supplemental Rules of Admiralty and Maritime Claims, as adopted and incorporated by Rule 32(b)(6)(D) of the Federal Rules of Criminal Procedure.

6. The Knox County Law Director has not been authorized to accept civil or criminal process on behalf of Knox County.

7. Pursuant to Rule 4 of the Federal Rules of Civil Procedure and Rule G(4)(b)(i) of the Supplemental Rules of Admiralty and Maritime Claims, as adopted and incorporated by Rule 32(b)(6)(D) of the Federal Rules of Criminal Procedure, the Knox County Mayor is the proper representative to receive service of process and notice of forfeiture on behalf of Knox County.

8. In an unrelated civil forfeiture proceeding, *United States v. Real Property Located at 1308 Selby Lane*, Civil Docket No. 3:10-CV-423, Knox County made the United States Attorney aware that the Knox County Mayor is the proper representative to receive notice in forfeiture proceedings on behalf of Knox County.

9. On March 7, 2016, the United States Attorney sent copies of certain documents related to this criminal case to the Knox County Law Director's Office.[1]

10. On April 11, 2016, Assistant United States Attorney, Anne-Marie Svolto, informed the undersigned that the United States does not intend to send notice of the forfeiture proceedings being conducted in this criminal case directly to the Knox County Mayor.

11. On April 11, 2016, Assistant United States Attorney, Anne-Marie Svolto, informed the undersigned that the United States intends to rely upon mail sent to the Knox County Law Director's Office to satisfy the requirement of direct notice to the Knox County Mayor under Rule 32.2(4) of the Federal Rules of Criminal Procedure or Rule G of the Supplemental Rules of Admiralty and Maritime Claims.

12. In *United States v. Real Property Located at 1308 Selby Lane*, Civil Docket No. 3:10-CV-423, Assistant United States Attorney, Anne-Marie Svolto, represented that it is the

---

[1] The Knox County Law Director was not personally served with notice in this criminal forfeiture proceeding. [Doc. 43-1].

pattern of practice of the United States Attorney in the Eastern District of Tennessee to deny local governments notice and an opportunity to be heard in forfeiture proceedings.

13. This validity of this pattern of practice of the United States Attorney in the Eastern District of Tennessee is currently on appeal before the Court of Appeals for the Sixth Circuit in *United States v. Real Property Located at 1308 Selby Lane*, Case No. 15-6353.

14. If the United States intends to rely upon a pattern of practice of the United States Attorney in the Eastern District of Tennessee to deny local governments notice and an opportunity to be heard in forfeiture proceedings, Knox County objects to that procedure.

15. If the United States intends to rely upon mail sent to the Knox County Law Director's Office to satisfy the requirement of direct notice to the Knox County Mayor under Rule 32.2(4) of the Federal Rules of Criminal Procedure or Rule G of the Supplemental Rules of Admiralty and Maritime Claims, Knox County objects to that procedure.

16. Knox County asserts that the pattern of practice of the United States Attorney in the Eastern District of Tennessee has the effect of depriving local counties and municipalities of the full value of their tax liens without proper notice and an opportunity to be heard.

WHEREFORE, premises considered, Knox County prays that this Court enter an Order granting the following relief:

1. Directing the United States to send direct notice of forfeiture proceedings in this criminal case to the Knox County Mayor, Tim Burchett, 400 Main Street, Suite 615, Knoxville, Tennessee 37902.

2. Directing the United States to send direct notice of all future civil or criminal forfeiture proceedings to the Knox County Mayor.

3. Granting such other and further general relief as Knox County may be entitled.

Respectfully submitted,

*[signature]*

DANIEL A. SANDERS (BPR # 027514)
Deputy Law Director
Counsel for Knox County, Tennessee
City-County Building
400 Main Street, Ste. 612
Knoxville, TN 37902
(865) 215-2327
lawdir@knoxcounty.org

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing OBJECTION TO FORFEITURE PROCEEDING WITHOUT NOTICE TO POTENTIAL CLAIMANT KNOX COUNTY, TENNESSEE has been forwarded to the following counsel of record by United States email and regular mail:

> Anne-Marie Svolto
> Assistant United States Attorney
> 800 Market Street, Suite 211
> Knoxville, TN 37902
> Anne-Marie.Svolto@usdoj.gov

This the 11th day of April, 2016.

*[signature]*

DANIEL A. SANDERS