## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No.   3:15-CR-154 |
| v. ) | |
| ) | JUDGES REEVES / GUYTON |
| GEORGE MARCUS HALL ) | |
| ) | |

### UNITED STATES' RESPONSE IN OPPOSITION TO KNOX COUNTY'S OBJECTION TO FORFEITURE AND UNITED STATES' REQUEST FOR EMERGENCY HEARING

The United States of America, by and through Nancy Stallard Harr, Acting United States Attorney for the Eastern District of Tennessee, hereby responds in opposition to the Objection of Knox County.  (Doc. 47, Objection.)  Knox County's objection is misrepresentative of both the law and the facts and should be dismissed.  The United States further requests an emergency hearing to address these legal and factual misrepresentations.  In support thereof, the United States would show the following:

1. On November 5, 2015, an Information was filed charging the defendant, George Marcus Hall, (hereinafter "the defendant") in Count One with conducting, financing, managing, supervising, directing and owning an illegal gambling operation in violation of 18 U.S.C. § 1955, and in Count Two with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h).  (Doc. 1, Information.)  In the forfeiture allegations of the Information, the United States sought forfeiture of the interest of the defendant, pursuant to 18 U.S.C. § 1955(d) and 28 U.S.C. § 2461(c), in any property, including money, used in the offense in violation of 18 U.S.C. § 1955(a), and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), in any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense.

2. The United States also alleged forfeiture pursuant to 18 U.S.C § 982(a)(1), in any property real or personal, involved in the offense of 18 U.S.C. § 1956(h), and any property traceable to such property. The forfeiture allegations included the forfeiture of a number of pieces of real property located within Knox County. (Doc. 1, Information.)

3. In accordance with the Plea Agreement, filed on November 5, 2015, the defendant agreed to forfeit his interest in any and all assets that were used and intended to be used in any manner or part to commit and to facilitate the commission of a violation of 18 U.S.C. §§1955 and 1956(h), and/or any and all assets and property, or portions thereof, subject to forfeiture as proceeds of the defendant's criminal activities which are in the possession or control of the defendant or the defendant's nominees. (Doc. 2, Plea Agreement.) The defendant further agreed and admitted that the assets seized by the United States and assets alleged in the Information as forfeitable, are directly traceable to the offenses listed in Counts One and Two of the Information and are forfeitable in their entirety pursuant to 18 U.S.C. §§ 981(a), 982, 984, 1955(d) and 28 U.S.C. § 2461. (Doc. 2, Plea Agreement, ¶10, pg.7-8.)

4. On December 11, 2015, an Agreed Preliminary Order of Forfeiture was filed with this Court forfeiting the interest of defendant in the real property pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 1955(d) and 28 U.S.C. § 2461(c). (Doc. 12, Agreed Preliminary Order)

5. Also on December 11, 2015, a Protective Order was filed in this Court in regard to the real property. The Protective Order was recorded in the Knox County Register of Deeds on January 8, 2016. (Doc. 14, Protective Order; Doc. 18 Notice of Filing Return of Service)

6. On March 2, 2016, the United States directly noticed counsel for Knox County of the forfeiture proceedings. (Doc. 43, Notice of Filing Return of Service).

7. The deadline for filing a claim was April 4, 2016, for notice received by Deputy Knox County Law Director, Daniel Sanders, and April 6, 2016 for notice received by Knox County Law Director, Richard Armstrong. (Doc. 43, Notice of Filing Return of Service).

8. Knox County did not file a claim. Instead, Knox County filed the instant "Objection to the Forfeiture" on the grounds that the United States failed to provide direct and personal service to the mayor of Knox County and further asserted that the United States intends to deprive Knox County of notice and opportunity to be heard regarding the instant forfeiture proceedings. (Doc. 47, Objection, pg. 2-3). Not only is Knox County needlessly adversarial on this point, it is also wrong.

9. In criminal forfeiture cases, the United States must send direct notice to "any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding." Fed. R. Crim. P. 32.2(b)(6)(A). Rule 32.2 obligates the Government to "publish notice of the [forfeiture] order and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding." Fed. R. Crim. P. 32.2(b)(6)(A). Rule 32.2 also explicitly incorporates the noticing requirements of Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Rule G(4) specifies that direct notice "must be sent by means reasonably calculated to reach the potential claimant," including by sending notice "to the potential claimant or to the attorney representing the potential claimant with respect to the seizure of property or in a related investigation, administrative forfeiture proceeding, or a criminal case." Rule G(4)(b)(iii)(A)-(B), advisory committee's note (2006 adoption). Thus, where a potential claimant is represented by counsel, the Government is statutorily authorized to send notice to the attorney in accordance with Supplemental Rule G(4). Where the Government

3

has done so, the notice requirement has been satisfied. *United States v. Davenport*, 668 F.3d 1316, 1322-23 (11th Cir. 2012).

10. Moreover, Rule (G)(4), which specifically authorizes sending notice to potential claimant's attorney, applies to notice sent during the ancillary proceeding of a criminal case. *Davenport*, 668 F.3d at 1322-23. Certainly, a potential claimant who had actual notice of the forfeiture proceeding cannot complain that the Government should have sent him direct notice. *United States v. Puig*, 419 F.3d 700, 704 (8th Cir. 2005) (explaining that claimant whose counsel had actual notice of the order of forfeiture cannot complain that the Government should have sent him direct notice); *Davenport*, 668 F.3d at 1323 (finding that an attorney's call to the U.S. Attorney's Office, after receiving notice, asking about the need to file a claim, belies claimant's later contention that the attorney was not representing her at the time the notice was sent and finding potential claimant had actual notice).

11. To the extent Knox County objects to the lack of personal notice, that argument is misplaced. Due process and statutory noticing requirements do not obligate the Government to provide notice in a manner and means dictated by a potential claimant. Indeed, due process is satisfied when "the government . . . provide [s] 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of' a legal action that will determine their rights to property, and to 'afford them an opportunity to present their objections.'" *United States v. Erpenbeck*, 682 F.3d 472, 476 (6th Cir. 2012) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Clearly, the United States intended to provide Knox County with notice and opportunity to be heard when it noticed Knox County's legal representatives in direct compliance with the federal statute that governs forfeiture noticing processes. None of the statutes or case law referenced above or cited by Knox County in its

objection requires personal service of forfeiture proceedings.  Notice in the instant case was directed to the correct entity and reasonably calculated to apprise Knox County of the forfeiture proceedings.  Accordingly, this Court should find Knox County's objection lacks merit.

12.	Knox County further alleges that the United States has engaged and continues to engage in a pattern of practice that purposefully denies local governments notice and opportunity to be heard.  (Doc. 47, Objection, pg. 2-3.)  This is a complete mischaracterization of the facts.  The pattern of practice at issue and referenced by Knox County is the payment of accrued taxes and interest of local tax liens on real property that is forfeited to the United States.  *United States v. Real Property Located at1308 Selby Lane*, Case Number 3:10-cv-423, Doc. 29, Memorandum and Opinion, pg. 2 (E.D. Tenn. April 16, 2015).  In truth and as outlined in *1308 Selby Lane*, the United States has followed a strict policy of recognizing and paying all unpaid taxes plus interest on real property that has been forfeited to the United States, up to the date of the final order of forfeiture.  *Id*.  The United States pays these accrued taxes without question, without fail, and without requiring a local taxing authority to file a claim.  That is the pattern of practice referenced by the United States and inexplicably decried by Knox County.

13.	Nonetheless, the United States sent notice in this case to Knox County, in compliance with federal statutes, because Knox County indicated a desire to be noticed in forfeiture matters.  Yet, after receiving such notice, Knox County objects (notably, without asserting any actual interest in the real property subject to forfeiture) that notice was inadequate because notice was not effectuated in a manner and means preferred by Knox County.  The United States complied with the federal statutes governing notice and, indeed, Knox County has actual notice of the forfeiture proceedings and has been given notice and opportunity to be heard.  Accordingly, the objection filed by Knox County is meritless and should be denied.

14. The United States further requests that an emergency hearing on this objection be held in order to clarify misrepresentations and to resolve this issue in order to complete the forfeiture in this case. The United States notes that in this and other related cases, the Government is seeking forfeiture of additional real property in Knox County such that disputes over noticing requirements must be resolved before the forfeiture can proceed.

        Respectfully submitted,

        NANCY STALLARD HARR
        ACTING UNITED STATES ATTORNEY

By:   *s/Anne-Marie Svolto*
        ANNE-MARIE SVOLTO, BPR# 025716
        Assistant United States Attorney
        800 Market Street, Suite 211
        Knoxville, TN 37902
        (865) 545-4167

**CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2016, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

        *s/Anne-Marie Svolto*
        ANNE-MARIE SVOLTO
        Assistant United States Attorney