UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 3:15-CR-154 |
| v. | ) | Judge Reeves |
| | ) | |
| GEORGE MARCUS HALL, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' SENTENCING MEMORANDUM

The United States of America, by and through the undersigned Assistant United States Attorney for the Eastern District of Tennessee, hereby files this Sentencing Memorandum in support of its position that a sentence at top of the applicable guideline range of 30-37 months should be imposed.

## STATEMENT OF FACT

This defendant's career to date is one of crime. In 1994, he started off simply enough with possession of marijuana and an assault of an officer when he shoved the officer and fled. In 1996, he pled guilty in this federal court to possession with intent to distribute cocaine and was sentenced to 30 months. When he was released, he failed to follow conditions on supervised released on several occasions. He has had various traffic violations in California and Tennessee. Then in the early to mid-2000's, the defendant entered into his illegal gambling, "numbers game" and money laundering scheme which ran until June 8, 2015.

The defendant earned literally millions of dollars taking illegal bets and then laundered the money through multiple businesses to make it appear that he was a legitimate business man in Knoxville. Defendant claims he is losing a lot by forfeiting the many properties he secured with his ill-gotten gains. The defendant claims to have

placed a great deal of sweat equity into those properties and that those properties benefitted a depressed community. The defendant wholly fails to mention how much he personally benefited from the rents he collected over the years, and the positive public image that won him awards, celebrity status and favorable loans.

The defendant also claims that he is losing not only his business, but his professional reputation; however, defendant fails to understand that he never had those legitimately in the first place.

While many would say gambling crimes are victimless, this is far from the truth. Greed kills. In 2008, Nola Atkins, a 72-year-old Knoxville woman who was on a fixed income and played the "numbers" often, was a victim of home invasion. She was murdered in her own home, after being brutally shot in the face with a shotgun because her murderer believed, mistakenly, that she had won a million dollars through the "numbers game." Crime begets crime and it is worth noting the dangers that this type of crime presents.

Furthermore, after holding himself out as a legitimate businessman, the defendant sought and obtained approximately $175,000 in grant and loan monies from the Knoxville Area Urban League; money designated to assist struggling and hopeful minority business owners. Despite receiving millions of dollars through his illegal gambling operation, the defendant applied for and was granted this loan to assist his jeans business. The defendant's insistence on deceiving the public, including a nonprofit organization such as Knoxville Area Urban League, deprived legitimate and deserving minority business owners from receiving those funds.

It is also interesting to note that the defendant still does not understand the magnitude of his crime. He tells the Court that he has accomplished some good things:

raising money for charity, donating shirts to the Dogwood Arts organization, raising money for Susan G. Komen, East Tennessee Children's Hospital, and the Second Harvest Food Bank.   It is easy to be magnanimous with ill-gotten gains.

The Government agrees that the defendant has always wanted to be an entrepreneur; the problem is that the illegal activities needed to fuel his lavish life-style have always trumped any attempt to be a legitimate entrepreneur.

ANALYSIS

<b><u>The factors stated in 18 U.S.C. § 3553(a)(2)<br>favor the imposition of a sentence within the prescribed statutory range.</u></b>

Under 18 U.S.C. § 3553(a), the Court is required to impose a sentence sufficient, but not greater than necessary, to comply with the following purposes:

a) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

b) To afford adequate deterrence to criminal conduct;

c) To protect the public from further crimes of the defendant; and

d) To provide the defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner.

It is the Government's position that a sentence at the upper end of the Guideline range would be sufficient, but not greater than necessary, to advance the goals set forth in 18 U.S.C. § 3553.

    **a.** **A sentence within the applicable statutory range would reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the defendant.**

The defendant has pleaded guilty to conducting, financing, managing, supervising, directing and owning an illegal gambling operation in violation of 18 U.S.C. §1955 and conspiracy to commit money laundering in violation of 18 U.S.C. §1956 (h).

3
Case 3:15-cr-00154-PLR-HBG   Document 56   Filed 04/18/16   Page 3 of 7   PageID #: 497

Congress has recognized the seriousness of these crimes by making gambling offenses punishable by terms of imprisonment of up to 5 years and by providing for a prison sentence of up to 20 years for the money laundering offense. See 18 U.S.C. §§ 1955 and 1956(h). Moreover, the seriousness of these offenses is evident from the millions of dollars illegally gained by the co-defendants, wherein no taxes were paid; the defendant's years of living an extravagant lifestyle; his forfeiture of 18 parcels of property valued at around $3.3 million, four vehicles to include a Porsche Panamera, over $415,000 in cash, and a five million dollar money judgment demonstrate the magnitude of illegal gains he has received over the years.

The magnitude of the defendant's crimes, and the lengthy period of time they were perpetrated, depict an individual with little regard for the law. Only a sentence at the upper end of the Guidelines would be of sufficient severity to reflect the seriousness of the defendant's offenses, promote respect for the law, and provide just punishment.

  b.  **A sentence within the statutory range would afford adequate deterrence to criminal conduct.**

Section 3553 also guides the Court to consider the need for a sentence that affords adequate deterrence to criminal conduct. From the standpoint of sentencing, deterrence takes two forms: (1) specific deterrence, to deter similar crimes by the defendant who is being sentenced; and (2) general deterrence, to deter criminal actions by others who may contemplate committing similar offenses. A Guideline sentence in the present case is consistent with both purposes.

Essentially the defendant's entire adult life has been focused around crime. Although he entered into his plea agreement swiftly as a demonstration of acceptance of responsibility, in this case actions speak louder than words. The defendant has taken great pains to project a public persona that focuses on his status as a minority business

owner with a passion for community involvement but leaves out all of the unfavorable facts. This Court should look past the defendant's attempts to protect his fabricated public image. In truth and fact, the defendant's businesses were started and/or maintained with illegal gambling funds as is evidenced by the facts in this case. And yet, just last month, the defendant wrote a press release espousing his jean company, Marc Nelson Denim, would have "continued success in his absence." The defendant continues to insist publically that he operates a legitimate and successful business that somehow functions above and independent of his criminal activities. Yet the defendant fails to mention that he has not repaid Knoxville Area Urban League one single cent; has not kept current on any of his mortgages, despite continuing to collect the rents from many of the properties; and has made no effort to pay towards the $5 million money judgment he agreed to in his plea agreement.

    The defendant seeks to accept responsibility but wants to suffer no consequences. The defendant's agreement to forfeit the proceeds of his crimes is no noble gesture; he is giving up only that which he should never have received. A sentence at the high-end of the Guidelines range is necessary to deter the defendant and ensure that he understands that he is, in fact, a criminal.

    Similarly, there is a need for general deterrence. Through engaging in these crimes, the defendant was able to enjoy a self-indulgent lifestyle that is beyond the dreams of most people. Other aspiring criminals may look at the defendant's crimes and consider whether the enjoyment of the myriad material pleasures associated would be worth the eventual consequences. The sentence imposed should be sufficiently severe to convince would-be criminals that embarking upon the defendant's chosen path would be a poor choice.

c. **Protection of the public from further crimes of the defendant**

Title 18, United States Code, Section 3553 (a)(2)(C) states that the Court should consider the extent to which a sentence is needed to protect the public from further crimes by a defendant. This factor likewise favors a sentence that is at the upper end of the applicable guideline range.

Gambling crimes are relatively easy to operate and can be difficult to detect. The defendants needed nothing more than a building or two to collect the money paid by the gamblers. Once enough money was collected, buying properties and starting a business to launder the illegal proceeds was easy.

The sentence must send a message to the defendant that he would not be wise to continue his path of crime when he is next released from prison.

d. **A sentence at the top of the Guideline range would be appropriate.**

The applicable Guideline range is a period of imprisonment of 30-37 months. The defendant suggests that a year and a day would be a sufficient sentence. Aside from stating no legitimate reasons for a legal departure or variance, the defendant and government agreed in the plea agreement that the Guideline range is a Level 20. (R. 2, Plea Agreement at ¶ 5.) According to the agreement, a sentence within that Guideline must be upheld.

## CONCLUSION

For the reasons set forth above, a sentence at the upper end of the Guideline range of 30 to 37 months would be consistent with the goals of 18 U.S.C. § 3553.

Respectfully submitted this 18th day of April, 2014.

>Nancy Stallard Harr
>Acting United States Attorney

By: *s/ Jennifer Kolman*
>Jennifer Kolman
>Assistant United States Attorney
>800 Market Street, Suite 211
>Knoxville, Tennessee 37902
>(865) 545-4167

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2016, a copy of the foregoing Sentencing Memorandum was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by either regular U.S. mail or inter-office delivery. Parties may access this filing through the Court's electronic filing system.

>*s/ Jennifer Kolman*
>Jennifer Kolman
>Assistant United States Attorney