UNITED STATES OF AMERICA    )
                            )     No.     3:15-CR-154
    v.                       )
                            )
GEORGE MARCUS HALL      )

## VERIFIED CLAIM AND PETITION FOR HEARING

COMES Knox County, Tennessee ("Knox County"), by and through the undersigned counsel, pursuant to Rule G(5) of the Supplemental Rules of Admiralty and Maritime Claims, and hereby petitions the Court for a hearing to adjudicate the validity of its interest in the property. Knox County would show the Court as follows:

1.    Knox County is a political subdivision of the state of Tennessee, with the power to assess and collect property taxes within its taxing jurisdiction. Tenn. Code Ann. §67-5-102.

2.    Knox County has and claims a valid perfected tax lien securing the payment of property taxes assessed against each parcel of real property identified in paragraph (c) of the Notice of Forfeiture, [Doc. 17], (the "Property").

3.    Knox County's lien is a first lien superior to all other interests in the Property. Tenn. Code Ann. §67-5-2101.

4.    The extent of Knox County's interest in the Property includes taxes, penalties, interest, and costs accruing thereon pursuant to state law. Tenn. Code Ann. §67-5-2101.

5.    Knox County had absolutely no knowledge of the conduct giving rise to these proceedings.

6.    Knox County acquired its interest in the subject property and its parent tracts by acts of the Tennessee Legislature which date back to at least to the year 1907. *See*, 1907 Tenn. Public Acts, Ch. 602.

7. AUSA Svolto, who is prosecuting this forfeiture proceeding, did not send direct written notice of forfeiture to the Knox County Mayor as required by Rule G of the Supplemental Rules of Admiralty or Maritime Claims.

8. Rather than send the required direct written notice to the Knox County Mayor, AUSA Svolto mailed certain documents related to this forfeiture proceeding to the Knox County Law Director.

9. On April 11, 2016, AUSA Svolto informed the Knox County Law Director's office that she did not intend to send the required direct written notice to the Knox County Mayor and would rely on mail sent to the Knox County Law Director to fulfill her obligation to send direct written notice.

10. Knox County has objected to this forfeiture proceeding insofar as direct written notice has not been sent to the Knox County Mayor and has requested that the United States Attorney send direct written notice to the Knox County Mayor in this and all future forfeiture proceedings involving real property located in Knox County, Tennessee. [Doc. 47].

11. At a hearing on April 27, 2016, the Court took Knox County's objection under advisement, but has yet to rule.

12. On April 11, 2016, AUSA Svolto filed a Post Hearing Brief showing that a controversy exists regarding extent of Knox County's interest in the Property. [Doc. 77]. Knox County submits that it is entitled to a hearing, upon proper notice, to adjudicate this controversy and to establish the validity and extent of its interest in the Property.

13. Knox County files this Verified Claim and Petition within 30 days of learning that AUSA Svolto does not intend to send the required notice to the Knox County Mayor, but intends to rely on mail to the Knox County Law Director to fulfill her duty to send direct written notice to the person who reasonably appears to be a potential claimant.

WHEREFORE, Knox County prays:

1. That this Court hold a hearing to adjudicate the validity of Knox County's interest in the property within thirty days of filing this petition;

2.     That the Court find and Order that Knox County has a valid tax lien on the Property which is superior to all other interests in the Property and which will continue to accrue tax, penalties, interest, and costs pursuant to state law until Knox County receives payment in full;

3.     Alternatively, that the Court enter an order:

   a.   delaying entry of the final order of forfeiture until the United States disposes of the Property;

   b.   severing the Property to protect Knox County's ongoing interest in collecting tax, penalties, interest, and costs that accrue pursuant to state law until Knox County receives payment in full;

   c.   transferring the Property to the Government with a provision that the Government compensate the Knox County for the value of all tax, penalties, interest, and costs that accrue pursuant to state law once a final order of forfeiture has been entered and the property has been reduced to liquid assets;

   d.   permitting the owner or other claimant to retain the Property subject to a lien in favor of the Government to the extent of the forfeitable interest in the property; or

   e.   otherwise allowing Knox County to continue to receive tax revenues penalties, interest, and costs that accrue under state law.

4.     That such Order amend the Agreed Order of Forfeiture and provide for satisfaction of Knox County's interest in disposition of the Property;

5.     That Knox County be afforded such other and general relief to which it may be entitled.

Respectfully submitted,

s/Daniel A. Sanders
DANIEL A. SANDERS (BPR # 027514)
Deputy Law Director
Counsel for Knox County, Tennessee
City-County Building
400 Main Street, Ste. 612
Knoxville, TN 37902
(865) 215-2327
lawdir@knoxcounty.org

## VERIFICATION OF CLAIM AND PETITION FOR HEARING

The undersigned, Tim Burchett, Knox County Mayor, hereby certifies under the penalty of perjury that the foregoing Verified Claim and Request for Hearing is true to the best of my knowledge and belief, on this the 11th day of May, 2016.

_____
TIM BURCHETT
Knox County Mayor

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing VERIFIED CLAIM AND PETITION FOR HEARING has been forwarded to the following counsel of record by United States Mail:

Anne-Marie Svolto
Assistant United States Attorney
800 Market Street, Suite 211
Knoxville, TN 37902

This the 11th day of May, 2016.

_____
DANIEL A. SANDERS