UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No.   3:15-CR-154 |
| v. ) | |
| ) | JUDGES REEVES / GUYTON |
| GEORGE MARCUS HALL ) | |

### CONSENT ORDER

This consent order provides for the disposition of claims by Knoxville Area Urban League, Incorporated (hereinafter "KAUL") for $102,024.11 seized from BB&T account number XXX6280 in the name of George Marcus Hall and real property located at 4435 Anderson Road, Knoxville, Tennessee, with the intention of providing for the disposition of KAUL's claim against the subject properties, the parties to this Consent Order represent to the Court as follows:

1. On November 5, 2015 an Information [Doc. 1] was filed charging the defendant, George Marcus Hall, (hereinafter "the defendant") in Count One with conducting, financing, managing, supervising, directing and owning an illegal gambling operation in violation of 18 U.S.C. § 1955, and in Count Two with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). In the forfeiture allegations of the Information, the United States sought forfeiture of the interest of the defendant, pursuant to 18 U.S.C. § 1955(d) and 28 U.S.C. § 2461(c), in any property, including money, used in the offense in violation of 18 U.S.C. § 1955(a), and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), in any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense.

2. The United States also alleged forfeiture pursuant to 18 U.S.C § 982(a)(1), in any property real or personal, involved in the offense of 18 U.S.C. § 1956(h), and any property traceable to such property. The forfeiture allegations included the forfeiture of $102,024.11 seized from BB&T account number XXX6280 in the name of George Marcus Hall (hereinafter "subject bank account") and real property located at 4435 Anderson Road, Knoxville, Tennessee, belonging to George Marcus Hall, dba Growing Properties and more particularly described below:

> An undivided interest in the property situated in District No. Seven (7) of Knox County, Tennessee, and within the 34th Ward of the City of Knoxville, and being designated as Property of Tom B. Hensley, as shown by map of same of record in Map Book 46-L, Page 45 in the Register's Office for Knox County; Tennessee, and being more fully described as follows:
>
> Beginning at an iron pin in the westerly line of Anderson Road, corner to property of Horace Alford and Irene B. LaRue; said pin being located 2025 feet in a northerly or northeasterly direction from the intersection of Anderson Road and the center line of Beverly Road; thence along the LaRue line, North 37 deg. 34 min. West, 400 feet to an iron pin; thence continuing along the LaRue line, North 14 deg. 24 min. East 200 feet to an iron pin in the line of property of Radio Station WNOX; thence along the line of Radio Station WNOX, South 37 deg. 34 min. East, 400 feet to an iron pin in the easterly line of Anderson Road; thence along said line, South 14 deg. 24 min. West, 200 feet to the place of beginning, as shown by survey of G. F. Clark, Surveyor, dated April 2, 1966, and certified by Sam B. Godsey, Engineer, Knoxville, Tennessee.
>
> Being the same property conveyed to Charlotte B. Hensley by deed dated June 3, 1966, and of record in Deed Book 1325, Page 682 in the Register's office of Knox County, Tennessee. Being the same property conveyed to Thomas B. Hensley, Jean E. Hensley Edwards and William Staley Hensley, Jr. by deed dated August 18, 1983 from Charlotte B. Hensley Seigel, fka Charlotte B. Hensley in Deed Book 1799, page 686, in the Register's Office of Knox County, Tennessee.
>
> Thomas B. Hensley devised his interest in the property to Johnnie Belle Cook Hensley in his Will, in Will Book 104, page 871, who conveyed her interest to JBCH Properties, LLC in Instrument # 199906110204094.

Jean E. Hensley Edwards conveyed her interest to Jean Elizabeth Hensley Edwards, as Trustee for the Jean Elizabeth Hensley Edwards Family Trust in Deed Book 2201, page 113.

William Staley Hensley, Jr. died testate, devising his interest in the property to his wife, Vicki D. Hensley. For further reference see Affidavit of record in Instrument No. 200910010023584 and Probate File No. P-68620-3 in the Knox County Clerk and Master's Office.

Vicki Hensley, widow, conveyed her one-third (1/3) interest in the property in Warranty Deed dated December 31, 2009 to JBCH Properties, LLC and Jean Elizabeth Hensley Edwards Family Trust, Jean Elizabeth, Trustee, recorded in Instrument No. 201001050044858, in the Register's Office of Knox County, Tennessee.

For further reference see Warranty Deed recorded on November 15, 2010 as Instrument Number 201011150030259 in the Register of Deeds for Knox County, Tennessee.

(hereinafter "subject real property")

3. On November 5, 2015, a Plea Agreement [Doc. 2] was filed wherein the defendant pled guilty to the offenses charged in the Information. This Court held a change of plea hearing during which the defendant pled guilty on November 30, 2015.

4. In accordance with the Plea Agreement, the defendant agreed to forfeit his interest in any and all assets that were used and intended to be used in any manner or part to commit and to facilitate the commission of a violation of 18 U.S.C. §§1955 and 1956(h), and/or any and all assets and property, or portions thereof, subject to forfeiture as proceeds of the defendant's criminal activities which are in the possession or control of the defendant or the defendant's nominees. The defendant further agreed and admitted that the assets seized by the United States and assets alleged in the Information as forfeitable, are directly traceable to the offenses listed in Counts One and Two of the Information and are forfeitable in their entirety pursuant to 18 U.S.C. §§ 981(a), 982, 984, 1955(d) and 28 U.S.C. § 2461.

5. On December 11, 2015, an Agreed Preliminary Order of Forfeiture [Doc. 12] was filed with this court forfeiting the interest of defendant in the property as listed in the Information pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 1955(d) and 28 U.S.C. § 2461(c). Included in the Agreed Preliminary Order of Forfeiture was the subject real property and bank account.

6. KAUL was served with the Agreed Preliminary Order of Forfeiture and Notice of Forfeiture on January 21, 2016. A Notice of Filing Return of Service was filed with the clerk of this court on February 23, 2016 [Doc. 23]. Accordingly, KAUL filed its Petition for Hearing on February 16, 2016 [Doc. 20].

7. KAUL asserts that it has a secured interest in the subject bank account as a result of a loan issued to the defendant and secured by the subject real property. The proceeds of the loan were deposited into the subject bank account. (Doc. 20, Petition, pg. 3.)

8. According to KAUL, the defendant has made no payments toward the satisfaction of the loan. Thus, the parties agree that the remaining loan balance is $184,540.88.00.

9. The parties agree that KAUL has a valid, perfected security interest in the subject real property. The parties further agree that KAUL's secured interest is superior to the government's interest. The parties further agree that KAUL's secured interest will be satisfied upon the sale of the subject real property, with any remaining proceeds from the sale to be paid to the United States Treasury.

10. To the extent the proceeds from the sale of the subject real property are insufficient to satisfy the balance of the loan, the United States will assist KAUL in seeking remission from the Attorney General for any deficiency.

11. The parties agree that KAUL lacks a secured interest in the subject bank account. Accordingly, KAUL agrees to withdraw its claim as to the subject bank account.

12. This agreement resolves all actions and disputes which were or could have been brought, whether civil or criminal in nature, with respect to KAUL's petition.

13. The Parties shall be responsible for payment of their own expenses, including attorneys' fees incurred in connection with this proceeding.

It is therefore ORDERED, ADJUDGED and DECREED that:

1. The lien of KAUL is to be paid from the proceeds from the sale of the subject real property, 4435 Anderson Road, Knoxville, Tennessee, as described above;

2. The remaining proceeds from the sale are to be forfeited to the United States and paid to the United States Treasury;

3. In the event there are insufficient funds from the sale of the subject real property to satisfy the lien of KAUL, the United States agrees to assist KAUL in seeking remission from the Attorney General for any deficiency;

4. The petition of KAUL, with respect to the subject bank account, is withdrawn;

5. The Clerk of this Court shall provide the United States Attorney's Office with a certified copy of this Order; and

6. The Parties shall be responsible for payment of their own expenses, including attorneys' fees incurred in connection with this proceeding.

ENTER this 1st day of June, 2016.

_____
PAMELA L. REEVES
UNITED STATES DISTRICT JUDGE

CONSENTED TO:

NANCY STALLARD HARR
ACTING UNITED STATES ATTORNEY

By: *s/Anne-Marie Svolto*  *April 6, 2016*
Anne-Marie Svolto, BPR# 025716   Date
Assistant United States Attorney
800 Market Street, Suite 211
Knoxville, Tennessee 37902
(865) 545-4167


*s/Kenneth W. Holbert (with permission)*  *April 6, 2016*
Kenneth W. Holbert   Date
Attorney for Knox Area Urban League
Finkelstein, Kern, Steinberg & Cunningham, P.C.
1810 Ailor Avenue
P.O. Box 1
Knoxville, Tennessee 37901
(865) 525-0238

6