UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.    3:15-CR-154 |
| v. | ) | |
| | ) | **JUDGES REEVES / GUYTON** |
| GEORGE MARCUS HALL | ) | |

## CONSENT ORDER

This consent order provides for the disposition of claims by People's Bank of the South (hereinafter "People's Bank") for nine pieces of real property in Knoxville, Tennessee (as detailed below), with the intention of providing for the disposition of People's Bank's claim against the real property, the parties to this Consent Order represent to the Court as follows:

1.    On November 5, 2015, an Information [Doc. 1] was filed charging the defendant, George Marcus Hall, (hereinafter "the defendant") in Count One with conducting, financing, managing, supervising, directing and owning an illegal gambling operation in violation of 18 U.S.C. § 1955, and in Count Two with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h).  In the forfeiture allegations of the Information, the United States sought forfeiture of the interest of the defendant, pursuant to 18 U.S.C. § 1955(d) and 28 U.S.C. § 2461(c), in any property, including money, used in the offense in violation of 18 U.S.C. § 1955(a), and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), in any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense.

2.    The United States also alleged forfeiture pursuant to 18 U.S.C § 982(a)(1), in any property real or personal, involved in the offense of 18 U.S.C. § 1956(h), and any property

traceable to such property. The forfeiture allegations included the forfeiture of the following real

properties, among others, (hereinafter "subject real property"):

a. Real property located in the Sixth Civil District of Knox County, Tennessee at 8515 Islandic Street, Knoxville, Tennessee 37931, belonging to George Marcus Hall;

b. Real property located in the Eighth District of Knox County, Tennessee at 5604 Matlock Drive, Knoxville, Tennessee 37921, belonging to George Marcus Hall;

c. Real property located in the Sixth Civil District of Knox County, Tennessee at 4204, 4208, 4212, 4216, 4220 and 4221 Craigleath Way, Knoxville, Tennessee 37918, belonging to George Marcus Hall;

d. Real property located in the Sixth Civil District of Knox County, Tennessee at 2801 Maple Hollow Lane, Knoxville, Tennessee 37931, belonging to George Marcus Hall;

e. Real property located in the Sixth Civil District of Knox County, Tennessee at 745 Yorkland Way, Knoxville, Tennessee 37923, belonging to George Marcus Hall;

f. Real property located in the Seventh Civil District of Knox County, Tennessee at 301 Atlantic Avenue, Knoxville, Tennessee 37917, belonging to George Marcus Hall;

g. Real property located in the Second Civil District of Knox County, Tennessee at 2325 Coker Avenue, Knoxville, Tennessee 37917, belonging to George Marcus Hall;

h. Real property located in the Fifth Civil District of Knox County, Tennessee at 3204 Rudy Street, Knoxville, Tennessee 37921, belonging to Palace Package Store, Inc,; and

i. Real property located in the Fifth Civil District of Knox County, Tennessee at 3208 and 3212, Rudy Street, Knoxville, Tennessee 37921, belonging to Triple M Property Management, LLC.

3. On November 5, 2015, a Plea Agreement [Doc. 2] was filed wherein the

defendant pled guilty to the offenses charged in the Information. This Court held a change of

plea hearing during which the defendant pled guilty on November 30, 2015.

4.      In accordance with the Plea Agreement, the defendant agreed to forfeit his interest in any and all assets that were used and intended to be used in any manner or part to commit and to facilitate the commission of a violation of 18 U.S.C. §§1955 and 1956(h), and/or any and all assets and property, or portions thereof, subject to forfeiture as proceeds of the defendant's criminal activities which are in the possession or control of the defendant or the defendant's nominees. The defendant further agreed and admitted that the assets seized by the United States and assets alleged in the Information as forfeitable, are directly traceable to the offenses listed in Counts One and Two of the Information and are forfeitable in their entirety pursuant to 18 U.S.C. §§ 981(a), 982, 984, 1955(d) and 28 U.S.C. § 2461.

5.      On December 11, 2015, an Agreed Preliminary Order of Forfeiture [Doc. 12] was filed with this Court forfeiting the interest of defendant in the real property pursuant to 18 U.S.C. §§ 981(a), 982, 984, 1955(d) and 28 U.S.C. § 2461.

6.      On December 11, 2015, a Protective Order was filed in this Court in regard to the real property [Doc. 14]. The Protective Order was recorded in the Knox County Register of Deeds on January 8, 2016.

7.      People's Bank of the South (hereinafter "People's Bank") was served with the Protective Order, Agreed Preliminary Order of Forfeiture and Notice of Forfeiture on January 21, 2016. A Notice of Filing Return of Service was filed with the clerk of this court on February 23, 2016 [Doc. 23]. Accordingly, People's Bank filed its Petition for Hearing on February 19, 2016 [Doc. 21].

8.      The parties agree that People's Bank has perfected security interests in the subject real property listed above and are verified lienholders.

9.     The parties agree that the properties will be sold by the United States Department of Treasury, Internal Revenue Service, or its designated representative, in the most commercially feasible manner and in accordance with federal law.

10.     The net proceeds of the sale, after payment in full of lienholders, including People's Bank, will be forfeited to the United States.

11.     This agreement resolves all actions and disputes which were or could have been brought, whether civil or criminal in nature, with respect to the petition of People's Bank.

12.     The Parties shall be responsible for payment of their own expenses, including attorneys' fees incurred in connection with this proceeding.

It is therefore ORDERED, ADJUDGED and DECREED that:

1.     The liens of People's Bank are to be paid from the proceeds from the sale of the subject real properties as listed above;

2.     The remaining proceeds from the respective sales are to be forfeited to the United States, and paid to the United States Treasury;

3.     The Clerk of this Court shall provide the United States Attorney's Office with a certified copy of this Order; and

4.     The Parties shall be responsible for payment of their own expenses, including attorneys' fees incurred in connection with this proceeding.

ENTER this ___1st___ day of _____June_____, 2016.

_____
PAMELA L. REEVES
UNITED STATES DISTRICT JUDGE

CONSENTED TO:

NANCY STALLARD HARR
ACTING UNITED STATES ATTORNEY

By:    *s/Anne-Marie Svolto*                            *April 12, 2016*
        Anne-Marie Svolto, BPR# 025716             Date
        Assistant United States Attorney
        800 Market Street, Suite 211
        Knoxville, Tennessee 37902
        (865) 545-4167

        *s/Reid Troutman (with permission)*          *April 12, 2016*
        Reid Troutman                           Date
        Attorney for People's Bank of the South
        124 Independence Lane
        P.O. Box 757
        LaFollette, Tennessee 37766
        (423) 566-6001