UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 3:15-CR-154 |
| v. | ) |
| | ) JUDGES REEVES / GUYTON |
| GEORGE MARCUS HALL | ) |

## CONSENT ORDER

This consent order provides for the disposition of a 2009 Chrysler 300, red in color, VIN: 2C3KA33V99H601239, Tag# 150-VHB, registered to Phillip D. and Mary H. Dean. With the intention of providing for the disposition of the vehicle, the parties to this Consent Order represent to the Court as follows:

1. On November 5, 2015 an Information [Doc. 1] was filed charging the defendant, George Marcus Hall, (hereinafter "the defendant") in Count One with conducting, financing, managing, supervising, directing and owning an illegal gambling operation in violation of 18 U.S.C. § 1955, and in Count Two with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). In the forfeiture allegations of the Information, the United States sought forfeiture of the interest of the defendant, pursuant to 18 U.S.C. § 1955(d) and 28 U.S.C. § 2461(c), in any property, including money, used in the offense in violation of 18 U.S.C. § 1955(a), and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), in any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense.

2. The United States also alleged forfeiture pursuant to 18 U.S.C § 982(a)(1), in any property real or personal, involved in the offense of 18 U.S.C. § 1956(h), and any property traceable to such property. The forfeiture allegations included the forfeiture of a 2009 Chrysler 300, red in color, VIN: 2C3KA33V99H601239, Tag# 150-VHB, registered to Phillip D. and Mary H. Dean (hereinafter "the vehicle").

3. On November 5, 2015, a Plea Agreement [Doc. 2] was filed wherein the defendant pled guilty to the offenses charged in the Information. This Court held a change of plea hearing during which the defendant pled guilty on November 30, 2015.

4. In accordance with the Plea Agreement, the defendant agreed to forfeit his interest in any and all assets that were used and intended to be used in any manner or part to commit and to facilitate the commission of a violation of 18 U.S.C. §§ 1955 and 1956(h), and/or any and all assets and property, or portions thereof, subject to forfeiture as proceeds of the defendant's criminal activities which are in the possession or control of the defendant or the defendant's nominees. The defendant further agreed and admitted that the assets seized by the United States and assets alleged in the Information as forfeitable, are directly traceable to the offenses listed in Counts One and Two of the Information and are forfeitable in their entirety pursuant to 18 U.S.C. §§ 981(a), 982, 984, 1955(d) and 28 U.S.C. § 2461.

5. On December 11, 2015 an Agreed Preliminary Order of Forfeiture [Doc. 12] was filed with this court forfeiting the interest of defendant in the property as listed in the Information pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 1955(d) and 28 U.S.C. § 2461.

6. Phillip D. Dean, Sr. (hereinafter "Dean") was served with the Agreed Preliminary Order of Forfeiture and Notice of Forfeiture on January 21, 2016. A Notice of Filing Return of

Service was filed with the clerk of this court on February 23, 2016 [Doc. 23]. Dean filed a timely petition on February 25, 2016 [Doc. 28].

7. The parties agree that Phillip Dean has an ownership interest in the vehicle. The parties further agree that the United States will dismiss the forfeiture allegations against the vehicle.

8. Dean agrees to forfeit the sum of $1,000.00, which represents a portion of the storage and maintenance fees of the vehicle.

9. Upon receipt of $1,000.00, the United States will dismiss all forfeiture claims with respect to the vehicle, will not pursue forfeiture of the vehicle, and will not assert any other claims to the vehicle.

10. The United States shall forfeit the $1,000.00. A Final Order of Forfeiture will be submitted to the Court after the United States receives payment for the real property.

11. This agreement resolves all actions and disputes which were or could have been brought, whether civil or criminal in nature, and whether pending or otherwise, with respect to the vehicle. Each party is responsible for their own legal fees.

It is therefore ORDERED, ADJUDGED and DECREED that:

1. Upon payment of the $1,000.00, the United States will dismiss the forfeiture allegation as to the vehicle and return the vehicle to Phillip Dean or his representative;

2. In lieu of forfeiture of the vehicle, the United States will forfeit the sum of $1,000;

3. This agreement resolves all actions and disputes which were or could have been brought, whether civil or criminal in nature, and whether pending or otherwise, with respect to the vehicle.

4. The Clerk of this Court shall provide the United States Attorney's Office with a certified copy of this Order.

5. The parties shall be responsible for payment of their own expenses including attorneys' fees incurred in connection with this proceeding.

ENTER this <u>1st</u> day of <u>June</u>, 2016.

_____
PAMELA REEVES
UNITED STATES DISTRICT JUDGE

CONSENTED TO:

NANCY STALLARD HARR
ACTING UNITED STATES ATTORNEY

By: _____    March 30, 2016
Anne-Marie Svolto, BPR# 025716    Date
Assistant United States Attorney
800 Market Street, Suite 211
Knoxville, Tennessee 37902
(865) 545-4167

_____    March 30, 2016
David Dupree                  Date
Attorney for Phillip Dean

4