UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No.   3:15-CR-154 |
| v. ) | |
| ) | JUDGES REEVES / GUYTON |
| GEORGE MARCUS HALL ) | |

## CONSENT ORDER

This consent order provides for the disposition of a 2014 Porsche Panamera, black in color, VIN# WP0AA2A76EL006142, Tag# 981-ZFF, registered to George Marcus Hall (hereinafter "the vehicle"). With the intention of providing for the disposition of the vehicle, the parties to this Consent Order represent to the Court as follows:

1. On November 5, 2015, an Information [Doc. 1] was filed charging the defendant, George Marcus Hall, (hereinafter "the defendant") in Count One with conducting, financing, managing, supervising, directing and owning an illegal gambling operation in violation of 18 U.S.C. § 1955, and in Count Two with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). In the forfeiture allegations of the Information, the United States sought forfeiture of the interest of the defendant, pursuant to 18 U.S.C. § 1955(d) and 28 U.S.C. § 2461(c), in any property, including money, used in the offense in violation of 18 U.S.C. § 1955(a), and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), in any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense.

The United States also alleged forfeiture pursuant to 18 U.S.C § 982(a)(1), in any property real or personal, involved in the offense of 18 U.S.C. § 1956(h), and any property traceable to such property. The forfeiture allegations included the forfeiture of a 2014 Porsche Panamera, black in color, VIN# WP0AA2A76EL006142, Tag# 981-ZFF, registered to the defendant.

2. On November 5, 2015, a Plea Agreement [Doc. 2] was filed wherein the defendant pled guilty to the offenses charged in the Information. This Court held a change of plea hearing during which the defendant pled guilty on November 30, 2015.

3. In accordance with the Plea Agreement, the defendant agreed to forfeit his interest in any and all assets that were used and intended to be used in any manner or part to commit and to facilitate the commission of a violation of 18 U.S.C. §§ 1955 and 1956(h), and/or any and all assets and property, or portions thereof, subject to forfeiture as proceeds of the defendant's criminal activities which are in the possession or control of the defendant or the defendant's nominees. The defendant further agreed and admitted that the assets seized by the United States are directly traceable to the offenses listed in Counts One and Two of the Information and are forfeitable in their entirety pursuant to 18 U.S.C. §§ 981(a), 982, 984, 1955(d) and 28 U.S.C. § 2461.

4. On November 30, 2015, a Joint Motion for Interlocutory Sale of Property [Doc. 10] was filed wherein the defendant and Knoxville TVA Employees Credit Union (hereinafter "TVA") agreed that to preserve the net equity in the vehicle pending the resolution of the case, the properties should be sold immediately, and any net sale proceeds, upon payment of any secured creditors should be held by the United States Department of Treasury, Internal Revenue

Service, in a suspense account pending the conclusion of the case. It was further agreed by the parties that:

    (a)    The net proceeds from the sale of the property will include all money realized from the sale of the property, minus the following:

        1.    Verified liens;

        2.    All costs incurred by the United States Department of Treasury, Internal Revenue Service, or its designated representative, in connection with the storage, maintenance, marketing and sale of the property; and

        3.    Transfer of title fees, if any.

5. An Order for Interlocutory Sale of the Property was entered by this Court on December 11, 2015 [Doc. 13]. Pursuant to the Order for Interlocutory Sale of Property, the United States Department of Treasury, Internal Revenue Service sold the vehicle at public auction on January 25, 2016, for the amount of $51,300.00.

6. An Agreed Preliminary Order of Forfeiture [Doc. 12] was filed on December 11, 2015, in which the defendant agreed the United States had established the required nexus to demonstrate the property is forfeitable.

7. TVA was served with the Agreed Preliminary Order of Forfeiture and Notice of Forfeiture on January 21, 2016. A Notice of Filing Return of Service was filed with the clerk of this court on February 23, 2016 [Doc. 23]. Accordingly, TVA filed its Petition for Hearing on February 16, 2016 [Doc. 19].

8. The parties agree that TVA has a valid secured interest in the vehicle. The parties further agree that TVA's claim will be satisfied pursuant to the Order for Interlocutory Sale. The projected balance owing on the lien is $44,307.74.

9. The United States agrees to release the balance owed to TVA from the proceeds of the sale of the vehicle.

10. The remaining proceeds will be forfeited to the United States.

11. This agreement resolves all actions and disputes which were or could have been brought, whether civil or criminal in nature, and whether pending or otherwise, with respect to the vehicle. Each party is responsible for their own legal fees.

It is therefore ORDERED, ADJUDGED and DECREED that:

1. The lien of TVA is to be paid in full from the proceeds from the sale of the vehicle, pursuant to the terms listed in this Court's Order for Interlocutory Sale, including the balance of the loan due TVA as of the date of payment, approximately $44,307.74.

2. The remaining proceeds from the sale are to be forfeited to the United States and paid to the United States Treasury.

3. This agreement resolves all actions and disputes which were or could have been brought, whether civil or criminal in nature, and whether pending or otherwise, with respect to the vehicle.

4. The Clerk of this Court shall provide the United States Attorney's Office with a certified copy of this Order.

5. The Parties shall be responsible for payment of their own expenses including attorneys' fees incurred in connection with this proceeding.

ENTER this \_\_1st\_\_ day of \_\_June\_\_, 2016.

_____
PAMELA L. REEVES
UNITED STATES DISTRICT JUDGE

CONSENTED TO:

NANCY STALLARD HARR
ACTING UNITED STATES ATTORNEY

By: *s/Anne-Marie Svolto*   *April 6, 2016*
Anne-Marie Svolto, BPR# 025716   Date
Assistant United States Attorney
800 Market Street, Suite 211
Knoxville, Tennessee 37902
(865) 545-4167

*s/Kandi R. Yeager (with permission)*   *April 6, 2016*
Kandi R. Yeager, BPR# 022353   Date
Hodges, Doughty & Carson, PLLC
Attorney for Knoxville TVA Employees Credit Union
617 Main Street
Knoxville, Tennessee 37902
(865) 292-2307

5