# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:15-CR-154 |
| | ) | REEVES / GUYTON |
| GEORGE MARCUS HALL | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the defendant's *pro se* motion for early termination of supervised release [D. 157]. In support of his motion, the defendant states that he is running a business that has great potential if he is given the opportunity to travel freely and sell in other markets. He states that he has come to value family over the pursuit of money and that growth of the business will allow him to provide an honest life for his children. He currently resides in Knoxville, has been on supervised release for approximately 18 months, and has had no positive drug screens.

The defendant's probation officer has indicated that, while the defendant has not been charged with any type of criminal activity, and while he has completed more than one year of his term of supervised release, termination of supervised release would be inappropriate at this time. The government agrees and adds that his status as a two-time felon warrants continued supervision. Consequently, the probation office and government oppose the defendant's request for early termination.

The defendant was sentenced by Chief Judge Reeves on June 8, 2016, for Conducting, Financing, Managing, Supervising, Directing, and Owning an Illegal Gambling Operation and Conspiracy to Commit Money Laundering. His sentence was 33 months' imprisonment to be followed by 36 months' supervised release. After release from prison on March 2, 2018, the defendant began his term of supervised release. He has not incurred any arrests, has tested negative for illegal substances, and has generally complied with the conditions of his supervision.

A court may terminate a term of supervised release at any time after the expiration of one year of supervision if, after considering the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(6), and (a)(7), "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). After carefully considering the requirements of the statute, the Court finds that the relevant portions of 18 U.S.C. § 3583(e) do not support an early termination of supervised release in this case due largely to the fact that Mr. Hall is a twice-convicted federal felon. While the Court commends Mr. Hall's desire to provide an honest living for his family, potential business growth does not provide sufficient grounds for early termination of supervised release.

However, if Mr. Hall can provide adequate documentation to the probation officer to justify limited out-of-town travel related to legitimate business, the Court will authorize the probation officer to allow limited out-of-town travel.

Accordingly, Mr. Hall's motion [D. 157] is **DENIED**.

**IT IS SO ORDERED.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**